IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARTHUR D. MOBLEY | * | |
| Plaintiff | | |
| v. | * | CIVIL ACTION NO. AMD-06-863 |
| JACK POTTER | * | |
| RICHARD RUDEZ | | |
| Defendants | * | |

\*\*\*

MEMORANDUM

On April 3, 2006, plaintiff, a resident of Baltimore, filed a complaint against Postmaster General Jack Potter and former Postal Service District Manager Richard Rudez citing 28 U.S.C. § 1331, 42 U.S.C. § 1983, 42 U.S.C. § 2000e (Title VII of the Civil Rights Act of 1964), and 5 U.S.C. §§ 7511, *et seq.*, alleging that in 1991 he was demoted seven levels from his position as Postmaster in Hagerstown, Maryland. He claims that defendants' actions violated due process, constituted an adverse and discriminatory employment action in retaliation for his "known participation in protected equal employment activities," and deprived him of his rights and privileges under federal and state constitutions and statutes. He seeks declaratory relief, back pay and monetary damages.

Because plaintiff satisfies indigency requirements, his motion for leave to proceed *in forma pauperis* shall be granted. The complaint shall, however, be summarily dismissed as time-barred.

A review of plaintiff's prior complaints filed with this Court reveals that he filed several actions, by counsel, against the Postal Service.[1] The case of *Mobley v. Frank*, Civil Action No.

---

[1] In *Mobley v. Frank*, Civil Action No. B-91-419 (D. Md.), plaintiff sued postal officials, alleging that in 1989, he was denied the position of Postmaster for Bel Air, Maryland, on the basis of age and/or in retaliation for his participation in protected equal employment opportunity activity. The case was voluntarily dismissed on July 10, 1991. In *Mobley v. McDougald,*, Civil Action No. H-91-975 (D. Md.), plaintiff again sued postal officials, complaining that they disclosed his private and confidential written communications. That case was also voluntarily dismissed on July 11, 1991. In another case against Postal Service officials and staff, *Mobley v. Rudez*, Civil Action No. WMN-96-1685 (D. Md.), plaintiff claimed that during the period of 1993-94, he was subject to on-the-job discrimination. That action was

WMN-91-2080 (D. Md.), bears some relevance here. In that matter, plaintiff alleged that from 1986 to 1987, Postal Service officials and personnel discriminated and retaliated against him for his participation in protected activities. On March 23, 1994, the case was dismissed pursuant to a stipulation of dismissal by the parties. The court observes, however, that in an April 23, 1993, Memorandum, the Honorable William M. Nickerson made the following observation:

> [O]n May 22, 1991, Mobley entered into an agreement with the Postal Service settling outstanding claims unrelated to the instant litigation. The agreement specifically states that it in no way affects Mobley's right to seek redress with respect to the complaints that form the basis of this action. The agreement also stipulates that, as of February 25, 1991, Mobley would be demoted from a position level 22 to a position level 15.

*See Mobley v. Frank*, Civil Action No. WMN-91-2080 (D. Md.), Paper No. 34 at 3.

In the instant case, plaintiff takes issue with his 1991 demotion. To the extent that plaintiff seeks review under the civil rights statutes, his claims are time-barred. Gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law. *See Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984). Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. *Id*. at 49; *see also Chardon v. Fumero Soto*, 462 U.S. 650, 655-656 (1983); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive polices of enforcement embodied in the state cause of action." *Wilson v. Garcia*, 471 U.S. 261, 271 (1985). Consequently, upon review of Maryland's limitations provisions, it appears that Maryland's general three-year statute of limitations for civil actions is

---

dismissed on March 11, 1997.

most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). The claim accrues when plaintiff knows or has reason to know of his injury. *Id*. Here, plaintiff at the latest should have known of his injuries in May 1991. The court further observes that plaintiff was represented by counsel in his numerous disputes with the Postal Service during the relevant time period. Because plaintiff filed the instant complaint some 15 years after the relevant events, it is clear that the statute of limitations now bars consideration of his civil rights claims.

Further, before former federal employee may file a judicial action for employment discrimination suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, he must exhaust his administrative remedies. *Cf. Chacko v. Patuxent*, 429 F.3d 505, 509 (4th Cir. 2005). Failure to comply with the time limitations warrants dismissal of the complaint. There is no information before the court that (1) plaintiff exhausted his remedies with regard to the 1991 demotion or that (2) any such claim has been timely filed in this case. Therefore, his Title VII claim shall be dismissed.[2]

---

[2]Plaintiff also seeks review under 5 U.S.C. §§ 7511, *et seq*. As a former employee of the Postal Service, Chapter 75 of the Civil Service Reform Act ("CSRA") applies to plaintiff. *See* 39 U.S.C. § 1005(a)(1). Chapter 75 of the CSRA, 5 U.S.C. §§ 7501-7543, establishes an appeals procedure for reviewing adverse personnel actions taken by federal agencies. Subchapter II of Chapter 75, 5 U.S.C. § 7511-7514, covers major adverse personnel decisions. *See* 5 U.S.C. § 7512(1). An employee entitled to Subchapter II protection may appeal the personnel decision to the Merit Systems Protection Board ("MSPB"), 5 U.S.C. § 7513(d), and ultimately to the United States Court of Appeals for the Federal Circuit. *See* 5 U.S.C. §§ 7703(a)(1) and 7703(b)(1). The appellate court may set aside the adverse personnel action if it finds that it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1)-(3). Plaintiff's attempt to seek district court review under the CSR process is misplaced.

For the reasons stated above, plaintiff's complaint will be summarily dismissed pursuant to 28 U.S.C. § 1915(e) because it is barred by the applicable statute of limitations. A separate Order follows.


Filed: April 20, 2006                                   /s/
                                        Andre M. Davis
                                        United States District Judge